Hon. Joseph R. Mule Town Attorney, Brookhaven
This is in reply to your letter of May 17, 1979 in which you seek this office's opinion as to the existence of any impropriety in the following situation:
 "I am the Town Attorney for the Town of Brookhaven, having been appointed to the position by the Town Board. I have also been appointed as counsel to the Industrial Development Agency for the Town, with the permission of the Town Board. As counsel to the IDA there are fees which would accrue to my benefit. This creates a problem, since the Town Board has a policy that attorneys employed by it are not to engage in any practice outside of Town work. Would it be improper to retain the IDA fees as earned income? Would it be appropriate if I were required to turn over such fees to the Town because of its policy?"
The same person may hold two public offices at the same time unless there is some constitutional or statutory provision to the contrary, some incompatibility in the duties of the two offices, or the provisions of hiring forbid it.
In the case of a town attorney, Town Law, § 27, subd. 1 provides:
 "Salaries shall be in lieu of all fees, charges or compensation for all services rendered to the town of any district or subdivision thereof * * *."
A town attorney is necessarily subject to the provisions of section 27, subd. 1, since he is a town officer under the provisions of Town Law, § 20, subd. 2 (a). Section 215, subd. 22 of the Town Law authorizes the Town Board to permit the Town Attorney to perform legal services for improvement districts in the Town and receive compensation for those services.
The Town of Brookhaven Industrial Development Agency was established by the provisions of section 892 of the General Municipal Law. Pursuant to provisions of General Municipal Law, § 858, any such agency has the power:
"(1) To sue and be sued;
"(2) To have a seal and alter the same at pleasure;
* * *
 "(7) To appoint officers, agents and employees, to prescribe their qualifications and to fix their compensation and to pay the same out of funds of the agency;
 "(8) To appoint an attorney, who may be the counsel of the municipality, and to fix his compensation for services which shall be payable to him in addition to his official compensation, and to retain and employ private consultants for professional and technical assistance and advice;
 "(9) to make contracts and leases, and to execute all instruments necessary or convenient to or with any person, firm, partnership or corporation, either public or private;" (Emphasis supplied.)
It is our opinion, that in view of the specific statutory authorization, the Town Attorney of the Town of Brookhaven may serve and be compensated as attorney for the Industrial Development Agency. (See Attorney General Opinion letter to the Madison County Attorney, dated October 31, 1975.)